Tab 3

*Gurley v. Hickory Withe Ptnrs., L.P.*, 2003 Tenn. App. LEXIS 674 (Tenn. Ct. App. Sept. 10, 2003)
Case 3:05-cv-00275   Document 38-4   Filed 07/22/05   Page 1 of 9 PageID #: 577

Service: **Get by LEXSEE®**
Citation: **2003 Tenn. App. LEXIS 674**

*2003 Tenn. App. LEXIS 674, **

EDDIE M. GURLEY and JANET R. GURLEY v. HICKORY WITHE PARTNERS, L.P., ET AL.

No. W2002-02050-COA-R3-CV

COURT OF APPEALS OF TENNESSEE, AT JACKSON

2003 Tenn. App. LEXIS 674

January 23, 2003, Session
September 10, 2003, Filed

**PRIOR HISTORY:** [*1] Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed. Direct Appeal from the Chancery Court for Fayette County. No. 12139. Dewey C. Whitenton, Chancellor.

**DISPOSITION:** Affirmed.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiffs buyers filed suit in the Chancery Court for Fayette County (Tennessee) against defendant seller claiming breach of contract, negligent misrepresentation, and asked the court to reform their deed. The court granted the seller's motion for summary judgment. The buyers appealed.

**OVERVIEW:** The buyers argued, inter alia, that the trial court erred by granting the seller's motion for summary judgment because the doctrine of merger did not apply. The court of appeals disagreed. The undisputed facts were that the buyers and the seller entered into a sales contract for a lot. The buyers knew that the lines they saw were subject to change. The buyers were presented with a deed that incorporated the metes and bounds description which they accepted. The buyers were put on notice that the lot lines could change. Furthermore, the seller did not have a duty to disclose any change to the buyers. He was not in a fiduciary relationship with the buyers, and there was no evidence that the buyers expressly reposed trust and confidence in the seller, nor was there an intrinsically fiduciary contract calling for perfect good faith. The buyers were sophisticated parties concerning real estate transactions and one admitted that she knew how to read the plat, and stated that they had bought and sold real property for over 30 years. Therefore, the trial court did not err.

**OUTCOME:** The judgment was affirmed.

**CORE TERMS:** deed, summary judgment, concealment, merger, seller, duty to disclose, misrepresentation, moving party, buyer, southern boundary, matter of law, plat, contrivance, non-moving, trick, sales contract, negate, genuine issue, unambiguous, surveyor's, acres, fiduciary relationship, failure to disclose, executory contract, subject to change, undisputed facts, nonmoving party, known facts, real estate, land owned

**LexisNexis(R) Headnotes** ◆ Hide Headnotes

Civil Procedure > Summary Judgment > Standards of Review
Civil Procedure > Summary Judgment > Burdens of Production & Proof

Civil Procedure > Summary Judgment > Summary Judgment Standard
**HN1** The standards governing an appellate court's review of a motion for summary judgment are well settled. Since the inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. Tenn. R. Civ. P. 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion; and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. The moving party has the burden of proving that its motion satisfies these requirements. When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. More Like This Headnote

Civil Procedure > Summary Judgment > Supporting Papers & Affidavits
Civil Procedure > Summary Judgment > Burdens of Production & Proof
**HN2** To properly support a motion for summary judgment, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim. A non-moving party may satisfy his or her burden by: (1) pointing to evidence overlooked or ignored by the moving party that establishes a material factual dispute; (2) by rehabilitating the evidence attacked in the moving party's papers; (3) by producing additional evidence showing the existence of a genuine issue for trial; or (4) submitting an affidavit explaining why further discovery is necessary as provided for in Tenn. R. Civ. P. 56.06. More Like This Headnote

Civil Procedure > Summary Judgment > Summary Judgment Standard
**HN3** The standards governing the assessment of evidence in the summary judgment context are well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. More Like This Headnote

Real & Personal Property Law > Sales, Exchanges & Remedies > Agreements of Sale
Real & Personal Property Law > Deeds & Recording > Deed Interpretation
Contracts Law > Contract Interpretation > Parol Evidence Rule
**HN4** Tennessee recognizes the doctrine of merger whereby when an executory contract has been entered into between the parties for the sale and purchase of real estate, and subsequently the property is conveyed by a deed to the purchaser named in the contract, that the contract of sale being merely an executory contract merges into the deed and the deed, therefore, becomes the final contract which governs and controls. The warranty deed by its own terms is clearly an unambiguous document having been drafted in metes and bounds and it leaves no room for varying its interpretation. Parol evidence is inadmissible to vary, alter, amend, modify or otherwise contradict an unambiguous document. More Like This Headnote |
*Shepardize:* Restrict By Headnote

Real & Personal Property Law > Deeds & Recording > Defective Deeds

HN5 Fraud and mutual mistake are the two recognized exceptions to the doctrine of merger. More Like This Headnote

Torts > Business & Employment Torts > Deceit & Fraud

HN6 Under Tennessee law the elements of fraud are: (1) the defendant made a representation of an existing or past fact; (2) the representation was false when made; (3) the representation related to a material fact; (4) the false representation was made either knowingly or without belief in its truth or recklessly; (5) plaintiff reasonably relied on the misrepresented material facts; and (6) plaintiff suffered damage as a result of the misrepresentation. Under certain circumstances a claim for fraud can arise from concealment of material facts. To constitute fraud by concealment or suppression of the truth there must be something more than mere silence, or a mere failure to disclose known facts. There must be a concealment, and the silence must amount to fraud. Concealment may consist in withholding information asked for, or in making use of some device to mislead, thus involving act and intention. The term generally infers that the person is in some way called upon to make a disclosure. It may be said, therefore, that, in addition to a failure to disclose known facts, there must be some trick or contrivance intended to exclude suspicion and prevent inquiry, or else there must be a legal or equitable duty on the party knowing such facts to disclose them. Thus, concealment may be actionable when it constitutes a trick or contrivance or when there is a duty to disclose. More Like This Headnote

Torts > Business & Employment Torts > Deceit & Fraud

HN7 Where there is a duty to disclose a material fact, failure to make such disclosure can constitute concealment and, consequently, fraud by concealment. The duty to disclose arises when: (1) there is a fiduciary relationship between the parties; (2) one of the parties has expressly reposed trust and confidence in the other; or (3) the contract is intrinsically fiduciary and calls for perfect good faith. More Like This Headnote

Real & Personal Property Law > Sales, Exchanges & Remedies > Statutes of Frauds

HN8 See Tenn. Code Ann. § 29-2-101.


**COUNSEL:** Danny R. Ellis, Jackson, TN, for Appellants.

Richard G. Rosser, Somerville, TN, for Appellees.

**JUDGES:** ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

**OPINIONBY:** ALAN E. HIGHERS

**OPINION:** This is a dispute over a sale of land in Fayette County, Tennessee. The lower court granted summary judgment in favor of the seller. Appellants raise two issues for our review. For the following reasons, we affirm.

### Facts and Procedural History

Eddie M. Gurley and Janet Gurley ("The Gurleys") happened upon the Hickory Withe Woods subdivision, located in Fayette County, Tennessee, in the early stages of its development. They spoke with the owner of the subdivision, David Goodwin ("Mr. Goodwin"), about the subdivision and as Mr. Goodwin showed them around, the Gurleys became interested in a

corner lot which they later learned was Lot 27. At the time the Gurleys and Mr. Goodwin took this initial **[*2]** tour, the roads were not paved and the final survey had not been conducted. The Gurleys and Mr. Goodwin walked Lot 27 which had its borders defined on two sides by unpaved roads, and on the other two sides by surveyor's stakes connected with red and white tape. The parties have differing versions of what was said about the boundaries. The Gurleys claim they were told that the boundaries could shift as much as twelve inches while Mr. Goodwin claims he informed the Gurleys that boundaries were "rough" and the line could shift as much as twelve feet. The Gurleys were concerned with the southern boundary of the property because they felt the only suitable spot for a house on the lot would be too close to the adjacent property. They decided that a vegetation barrier on the southern boundary would solve the problem. The parties entered into a contract on June 9, 1995 for the sale of "Lot # 27 Hickory Withe Subdivision an unrecorded subdivision" for $ 50,000.00. The subdivision plat had not been approved by the county. A deed was presented to the Gurleys at the closing on June 30, 1995. The warranty deed was the conveyance of "Lot 27, Section A, Hickory Withe Woods Subdivision, as shown on **[*3]** plat of record in Plat Book 6, Page 58, in the Register's Office of Fayette County, Tennessee, to which plat reference is hereby made for a more particular description of said lot." The Gurleys accepted the deed, although it was not recorded because the subdivision was not approved by the county at the time of the closing.

Even before the closing, the Gurleys had placed the $ 50,000.00 purchase price in escrow so that they could begin clearing the lot and according to the Gurleys' deposition testimony, a substantial amount of work was done to the lot before the present controversy arose. After the closing, Mr. Gurley asked that surveyors who happened to be working in the subdivision mark his property lines. When they began to mark the southern boundary, Mr. Gurley noted that it was different from where the original surveyor's tape had been placed. The southern boundary of Lot 27 as contained in the recorded plat was closer to the Gurley's proposed home site and precluded the use of a vegetation barrier to shield the Gurley's home site from the lot behind. Mr. Gurley contacted Mr. Goodwin and the controversy that led to this lawsuit began. Mr. Goodwin, by a letter dated November 13, 1995 asked **[*4]** the Gurleys to stop planting trees outside of their lot, acknowledged that the Gurleys were unhappy, and offered to refund the purchase price of the lot. Mr. Gurley testified in his deposition that he had put a substantial amount of work into the lot and that no offer of compensation was made for this work so he did not accept Mr. Goodwin's offer of a refund. The Gurleys received 6.47 acres rather than the 6.14 acres they expected. The Gurleys testified in their depositions that the property has increased in value by some $ 60,000.00 since their purchase.

The Gurleys brought suit against Mr. Goodwin in the Chancery Court of Fayette County claiming breach of contract, negligent misrepresentation, and asked the court to reform their deed. Mr. Goodwin filed a motion for summary judgment arguing that the contract for sale of the land had merged into the deed under the doctrine of merger, and that the deed was, therefore, the final contract between the parties. Mr. Goodwin argued that the deed was unambiguous and that under the Statute of Frauds, no parol evidence should be admitted to alter the terms of the deed. By an order dated August 16, 2002, the Chancellor granted Mr. Goodwin's **[*5]** motion for summary judgment. The Gurleys filed a timely appeal from this order and present the following two issues for our review:

I. Whether the trial court incorrectly held that there was no genuine issue of material fact and that the Defendant was entitled to judgment as a matter of law by applying the doctrine of merger.

II. Whether the trial court incorrectly held that there was no genuine issue of material fact and that the Defendant was entitled to judgment as a matter of law by applying the statute of frauds defense.

**Standard of Review**

The standard of review to be applied when assessing a motion for summary judgment was set forth by our Supreme Court in *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83 (Tenn. 2000):

*HN1* The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. See *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). **[*6]** Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, see *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. See *Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. See *Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. See *Byrd v. Hall*, 847 S.W.2d at 215.

*HN2* To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. See *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn.1998); **[*7]** *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. See *McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim. n1

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n1 A non-moving party may satisfy his or her burden by (1) pointing to evidence overlooked or ignored by the moving party that establishes a material factual dispute, (2) by rehabilitating the evidence attacked in the moving party's papers, (3) by producing additional evidence showing the existence of a genuine issue for trial, or (4) submitting an affidavit explaining why further discovery is necessary as provided for in Tenn. R. Civ. P. 56.06. See *McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Byrd v. Hall*, 847 S.W.2d at 215, n. 6.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - **[*8]**

*HN3* The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. See *Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. See *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).



*Staples*, 15 S.W.3d at 88-89.

**Law and Analysis**

The Gurleys argue that the trial court was incorrect to apply the doctrine of merger in this case. The Gurleys claimed fraud and misrepresentation on the part of Mr. Goodwin and cite case law stating that the doctrine of merger does not apply in cases where fraud or misrepresentation has occurred. The Gurleys point to the cases of *City of Memphis v. Moore*, 818 S.W.2d 13 (Tenn. Ct. App. 1991) and *Continental Land Co. v. Investment Properties Co.*, 1999 Tenn. App. LEXIS 810, No. M1998-00431-COA-R3-CV, 1999 WL 1129025 (Tenn. Ct. App. Dec. 10, 1999) **[*9]** to support their contentions. These cases are instructive on the issues raised in the case at bar. In *Moore*, we stated:

HN4 Tennessee recognizes the doctrine of merger whereby when "an executory contract has been entered into between the parties for the sale and purchase of real estate, and subsequently the property is conveyed by a deed to the purchaser named in the contract, that the contract of sale being merely an executory contract merges into the deed and the deed, therefore, becomes the final contract which governs and controls." *Fuller v. McCallum & Robinson,* 22 Tenn.App. 143, 118 S.W.2d 1028, 1037 (Tenn.Ct.App.1937). The warranty deed by its own terms is clearly an unambiguous document having been drafted in metes and bounds and it leaves no room for varying its interpretation. Parol evidence is inadmissible to vary, alter, amend, modify or otherwise contradict an unambiguous document. *Moon v. Webb,* 584 S.W.2d 803 (Tenn.Ct.App.1979).

*City of Memphis for Use and Benefit of State v. Moore*, 818 S.W.2d 13, 15 -16 (Tenn. Ct. App.1991).

In *Continental Land Co.*, the court stated that HN5 "fraud **[*10]** and mutual mistake are the two recognized exceptions to the doctrine of merger." *Continental Land Co.*, 1999 Tenn. App. LEXIS 810, 1999 WL 1129025 at *4. In *Continental Land Co.*, a contract was executed for the purchase of a sizable piece of property for development. *Id.*, 1999 Tenn. App. LEXIS 810 at *1. The understanding between the parties was not for a particular number of acres, but that the buyers were purchasing all of the land owned by seller covered by a certain mortgage. *Id.* Some time after the deed was executed, the buyers discovered several discrepancies between the deed and the sales contract. *Id.*, 1999 Tenn. App. LEXIS 810 at *2. The deed did not contain several strips of land covered under the contract and vital to the development of the property because access to the development was limited without these portions. *Id.* Upon being notified of the differences between the contract and the deed, the seller, who was an attorney and who prepared the deed offered to accept more money for those pieces. *Id.*, 1999 Tenn. App. LEXIS 810 at *3. The buyer initiated an action for fraud and misrepresentation. *Id.* The court determined that the seller "intentionally prepared the deed to convey less property than he promised to convey in the contract. **[*11]** " *Id.* The court found fraud on the part of the seller using the following definitions:

HN6 Under Tennessee law the elements of fraud are: (1) the defendant made a representation of an existing or past fact; (2) the representation was false when made; (3) the representation related to a material fact; (4) the false representation was made either knowingly or without belief in its truth or recklessly; (5) plaintiff reasonably relied on the misrepresented material facts; and (6) plaintiff suffered damage as a result of the misrepresentation. See *Metropolitan Government of Nashville and Davidson County v. McKinney*, 852 S.W.2d 233, 237 (Tenn.Ct.App.1992). It is undisputed that Mr. Brown never made any affirmative misrepresentations to Buyer during the parties' course of dealing. That fact does not end our analysis, however, because Tennessee law recognizes that under certain circumstances a claim for fraud can arise from concealment of material facts. See

*Macon County Livestock Mkt., Inc. v. Kentucky State Bank, Inc.,* 724 S.W.2d 343, 349 (Tenn.Ct.App.1986). This court has addressed the meaning of concealment:

> As a general rule to constitute fraud by concealment [*12] or suppression of the truth there must be something more than mere silence, or a mere failure to disclose known facts. There must be a concealment, and the silence must amount to fraud. Concealment in this sense may consist in withholding information asked for, or in making use of some device to mislead, thus involving act and intention. The term generally infers that the person is in some way called upon to make a disclosure. It may be said, therefore, that, in addition to a failure to disclose known facts, there must be some trick or contrivance intended to exclude suspicion and prevent inquiry, or else there must be a legal or equitable duty on the party knowing such facts to disclose them. *Hall v. De Saussure,* 41 Tenn.App. 572, 583-84, 297 S.W.2d 81, 87 (1956) (emphasis supplied). Thus, under this definition, concealment may be actionable when it constitutes a trick or contrivance or when there is a duty to disclose. See *id.*

*Id.*, 1999 Tenn. App. LEXIS 810 at *5.

The court went on to find that the seller had committed fraud by concealment using trick or contrivance because when preparing the deed, knowing that the buyers were unrepresented by counsel, he hid the changes "in [*13] an almost incomprehensible, three page, single spaced description containing only four sentences, three of which are on one page." *Id.* The court also found fraud by concealment because the seller had a duty to disclose the changes he unilaterally made under the following definition:

> Furthermore, HN7 where there is a duty to disclose a material fact, failure to make such disclosure can constitute concealment and, consequently, fraud by concealment. The duty to disclose arises when (1) there is a fiduciary relationship between the parties; (2) one of the parties has expressly reposed trust and confidence in the other; or (3) the contract is intrinsically fiduciary and calls for perfect good faith. See *Justice v. Anderson County,* 955 S.W.2d 613, 616-17 (Tenn. Ct. App. 1997); see also *Domestic Sewing Mach. Co. v. Jackson,* 83 Tenn. 418, 424-25 (1885).

*Id.*, 1999 Tenn. App. LEXIS 810 at *6.

The Gurleys argue on this appeal that Mr. Goodwin concealed a change in the southern boundary and that he had a duty to disclose the change at the closing and, thus, was not entitled to summary judgment as a matter of law. We disagree. We find no evidence of concealment using trick [*14] or contrivance, nor do we find a duty to disclose in this case. The undisputed facts in this case are these: the Gurleys and Mr. Goodwin entered into a sales contract for "Lot # 27." The Gurleys knew that the lines they saw were subject to change. The Gurleys were presented with a deed that incorporated the metes and bounds description on record at the Fayette County register's office which they accepted. Unlike the *Continental Land Co.* case above, the Gurleys did receive exactly what they had bargained for, namely Lot # 27. In the *Continental* case, the buyers, who were not on notice of any possible change, received less than what they bargained for, namely all of the land owned by the seller that was covered under a particular mortgage. The fact that Mr. Goodwin informed the Gurleys that the lines were "rough" and were subject to change distinguishes the present case from the *Continental* case above because the Gurleys were put on notice that the lot lines could change. Furthermore, we find that Mr. Goodwin did not have a duty to disclose any change to the Gurleys using the three part test set out above. Mr. Goodwin was not in a fiduciary relationship with the Gurleys. [*15] We find no evidence that the Gurleys expressly reposed trust and confidence in Mr. Goodwin, nor is there an intrinsically fiduciary contract calling for perfect good faith in this case. Mr. Goodwin also points out that the Gurleys are sophisticated parties concerning real estate transactions in that Mrs. Gurley studied and obtained a real estate license in the 1980s, although she allowed it to lapse also

sometime in the 1980s. Mrs. Gurley admitted she knew how to read the plat, and stated she and Mr. Gurley have bought and sold real property for over thirty years. Thus, this was a sale of land between two equal parties and the Gurleys could have refused to close on the sale if they were not happy with the lot.

Because we find no evidence of fraud or misrepresentation, we find that the doctrine of merger did apply and that the sales contract entered into by the parties merged into the deed that the Gurleys accepted. See *Moore*, 818 S.W.2d at 15-16.

Mr. Goodwin affirmatively pled a defense under Statute of Frauds codified at Tennessee Code Annotated Section 29-2-101 in his amended answer and argues this defense again on appeal. The pertinent **[*16]** portion of this section states:

*HN8* Writing required for action (a) No action shall be brought: . . . .

(4) Upon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer term than one (1) year;

Because we have found no fraud or misrepresentation, and because we have found that the doctrine of merger operated to make the deed the controlling instrument in this case, we find that the Statute of Frauds does apply in this case making summary judgment for Mr. Goodwin as a matter of law appropriate. Thus, we affirm the decision of the court below.

## Conclusion

We affirm the grant of summary judgment made by the court below. Costs on this appeal are taxed to the Appellants, Eddie M. and Janet Gurley, and their surety, for which execution may issue if necessary.

ALAN E. HIGHERS, JUDGE

Service: **Get by LEXSEE®**
Citation: **2003 Tenn. App. LEXIS 674**
View: Full
Date/Time: Thursday, July 21, 2005 - 11:55 AM EDT

* Signal Legend:
- ● - Warning: Negative treatment is indicated
- [Q] - Questioned: Validity questioned by citing refs
- △ - Caution: Possible negative treatment
- ◆ - Positive treatment is indicated
- ⓐ - Citing Refs. With Analysis Available
- ⓘ - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.