Tab 6

*Winston v. Mandor*, 710 A.2d 831 (Del. Ch. 1996)
Case 3:05-cv-00275    Document 38-7    Filed 07/22/05    Page 1 of 5 PageID #: 572

H

Court of Chancery of Delaware,
New Castle County.
John WINSTON, Plaintiff,
v.
Leonard S. MANDOR, Robert A. Mandor, Joan Levine, Harvey Jacobson, Gregory McMahon and Geoffrey S. Aaronson, Milestone Properties, Inc. and Concord Assets Group, Inc., Defendants.
No. C.A. 14807.

Submitted: Oct. 11, 1996.
Decided: Oct. 25, 1996.

Preferred shareholder brought action against directors of corporation seeking rescission and monetary relief in connection with certain corporate transactions. Directors moved to dismiss requested remedy of rescission. The Court of Chancery, Steele, Vice-Chancellor, held that motion to dismiss rescission as remedy may be granted when circumstances of challenged transaction make rescission infeasible and plaintiff will not be unfairly prejudiced.

Motion granted.

West Headnotes

[1] **Pretrial Procedure** 🔑535
307Ak535 Most Cited Cases
In preferred shareholder's action against directors of corporation for rescission and monetary damages relating to certain securities transactions, dismissal of rescission as remedy was warranted, where disputed transactions were completed year before issue came before court, undoing stock purchases made by good faith purchasers for value on national securities exchange would be difficult, and shareholder would not be unfairly prejudiced by lack of this remedy.

[2] **Cancellation of Instruments** 🔑3
69k3 Most Cited Cases
Rescission is not available form of relief, where circumstances of challenged transaction make rescission infeasible and plaintiff is not unfairly prejudiced by inability to seek this form of relief.
*831 Joseph A. Rosenthal of Rosenthal, Monhait Gross & Goddess, Wilmington; Silverman, Harnes & Harnes, New York City, of counsel, for Plaintiff.

Michael Hanrahan and Daniel P. Conneen, of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington; Robert W. Gottlieb, and Joel A. Yunis of Rosenman & Colin, L.L.P., New York City, of counsel, for Defendants.

*OPINION*

STEELE, Vice-Chancellor.

I. Issue Presented

Plaintiff, a preferred shareholder of a Delaware corporation, has filed an amended complaint seeking rescission and/or monetary relief in connection with two related transactions of the corporation, [FN1] in October 1995. Defendants, directors of the corporation, have moved to preclude plaintiff from seeking rescission of the transactions, arguing it would be infeasible and inequitable to undo them under the present circumstances. The issue presented by this motion is thus whether and under what circumstances this Court may grant a motion to dismiss a requested remedy of rescission. For reasons explained below, I conclude that where the circumstances of a challenged transaction make rescission infeasible, and where the plaintiff is not unfairly prejudiced, a motion to dismiss that remedy may be granted.

> FN1. There is disagreement as to whether the events are distinct occurrences or merely two parts of the same transaction. Regardless of the way I may describe them in this opinion, I do not now decide that question.

II. Background [FN2]

> FN2. Because this is a motion to dismiss, all facts are drawn from plaintiff's Amended Complaint and are assumed to be true.

In September of 1995, a proxy statement was mailed to the shareholders of Milestone Properties, Inc. ("Milestone"), describing two transactions. In the first transaction, low grade mortgage-backed securities were sold to Milestone for cash and newly issued stock to the seller, Concord Assets Group, Inc.

("Concord"). As it happens, defendants Leonard and Robert Mandor, who also serve ***832** as Milestone's chairman/chief executive officer and president/chief financial officer own Concord. After the sale, the Mandors held nearly eighty percent of Milestone's now outstanding common stock. The second transaction was the transfer of Milestone's commercial real estate properties to Union Property Investors, Inc. ("UPI"). UPI common shares were distributed as a dividend to the Milestone common shareholders. A single shareholder vote approved both transactions. They were completed by the end of October 1995.

Milestone's preferred shareholders were excluded from this vote. [FN3] Though the certificates of designation include the right to convert to common shares, by a variable ratio, the plaintiff and others did not do so, and so could not vote on the proposed transactions. The net result of the transactions is that Milestone's remaining assets are low grade securities producing little income, while the steady income stream produced by the commercial properties is now shared among the Milestone common shareholders through their UPI shares. Adding alleged proverbial insult to injury, the preferreds' right to cumulative dividends expired on September 30, 1995. To remedy these perceived wrongs, plaintiff seeks rescission of the two transactions, returning him to what he considers to be his rightful position.

> FN3. The Mandors and Concord own an "insignificant" amount of Milestone preferred stock.

### III. Foreclosing Plaintiff's Remedy of Rescission

[1] Defendants have asked, by this motion and during oral argument, to preclude plaintiff now from the equitable remedy of rescission should he ultimately prevail on any of his claims. More particularly, defendants claim plaintiff's action has clouded the titles of the commercial properties now held by UPI, effectively preventing UPI from the full exercise of rights attendant to property ownership. In support of this portion of its motion, [FN4] defendants argue 1) plaintiff's claim for rescission in the amended complaint was not brought for nearly seven months after the challenged transactions; 2) one full year has passed since the transactions were completed; and 3) since the shares of both Milestone and UPI are publicly traded, rescission of the transactions is, as a practical matter, impossible.

> FN4. Presently pending before me is defendants' motion to dismiss all of plaintiff's claims.

Plaintiff responds that defendants' request essentially does no more than assert an affirmative defense of laches. As an affirmative defense, plaintiff argues, laches cannot be properly considered until defendants have answered the complaint. Further, laches requires a factually intensive inquiry into the reasonableness of delay, a process inappropriate for evaluation on a motion to dismiss. In support of this position, plaintiff relies primarily upon *Harman v. Masoneilan Int'l, Inc.* [FN5] In *Harman,* the Supreme Court reversed the Court of Chancery's determination, on a motion to dismiss, that laches precluded the plaintiff from seeking rescission of a challenged transaction. The Supreme Court held "the issue of laches was prematurely raised by defendants by motion to dismiss and improperly determined on its merits by the Court below." [FN6] The Supreme Court elaborated on its reasoning as follows:

> FN5. Del.Supr., 442 A.2d 487 (1982).

> FN6. *Id.* at 502.

A complaint may not be dismissed for alleged failure to state a claim unless it appears to a reasonable certainty that under no state of facts which could be proved would plaintiff be entitled to relief. [citation omitted] The same principle should a fortiorari [sic] apply to a motion to strike the remedy portion of a complaint on the ground that it is barred by laches. In reality, that was the predicate of defendants' motion in this case. [FN7]

> FN7. *Id.*

Defendants argue *Harman* is inapposite, because their motion is based upon the impracticability of undoing the transactions, not the unreasonableness of plaintiff's delay. Defendants further argue decision on the motion is not premature as they rely solely on the facts as pleaded in plaintiff's amended ***833** complaint. In support, defendants direct me to several cases that are, with one exception, similarly inapplicable. These cases note, often in passing, that rescission is an inappropriate remedy, either in the context of post-trial appeal, [FN8] on motion for summary judgment, [FN9] or on significantly distinguishable facts. [FN10]

> FN8. *See Gaffin v. Teledyne, Inc.,* Del. Ch., C.A. No. 5786, Hartnett, V.C., 1990 WL

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

195914 (Dec. 4, 1990), Memo. Op. at 4, *aff'd in part and rev'd in part on other grounds,* Del.Supr., 611 A.2d 467 (1992); *Lynch v. Vickers Energy Corp.,* Del.Supr., 429 A.2d 497, 501 (1981), *overruled on other grounds, Weinberger v. UOP, Inc.,* Del.Supr., 457 A.2d 701 (1983); *Weinberger,* 457 A.2d at 714.

FN9. *See Arnold v. Society for Sav. Bancorp,* Del. Ch., C.A. No. 12883, Chandler, V.C., 1995 WL 408769 (June 30, 1995), Let. Op. at 2, *aff'd,* Del.Supr., 678 A.2d 533 (1996).

FN10. *See Patents Mgmt. Co. v. O'Connor,* Del. Ch., C.A. No. 7110, Walsh, V.C., 1985 WL 11576 (June 10, 1985), Let. Op. at 5-6 (plaintiff challenging cash-out merger generally limited to appraisal remedy, and noting rescission of challenged transaction not feasible); *In re Tri-Star Pictures, Inc. Litig.,* Del. Ch., C.A. No. 9477, Jacobs, V.C., 1990 WL 82734 (June 14, 1990), Memo. Op. at 18 (parties concede rescission is "impracticable").

The single exception, which defendants relied upon heavily during oral argument, is *Meeker v. Bryant.* [FN11] In *Meeker,* the plaintiff sought rescission or alternatively damages for alleged breach of fiduciary duty in connection with a reverse stock split. On defendants' motion, the Court dismissed "that part of the complaint which seeks only rescission[,]" while leaving intact plaintiff's alternative remedy of damages. [FN12] In so doing, the Court found:

FN11. Del. Ch., C.A. No. 6245, Hartnett, V.C., 1981 WL 7616 (May 12, 1981).

FN12. *Id.* at 9.

Any decree rescinding the reverse stock split would, therefore be prejudicial to the present owner of the shares [over whom the Court could not exercise jurisdiction] ... and would be inadequate to the plaintiffs since [that party] could not be compelled to give up its shares without being a party to this action. [FN13]

FN13. *Id.*

A similar situation exists here. The plaintiff's complaint alleges that Milestone common and preferred shares, and UPI common shares are all publicly traded. [FN14] This being the case, the likely event is that many subsequent purchasers of UPI shares could not be joined in this action, or otherwise forced to give up their shares. [FN15]

FN14. *See* Am. Cmpl. at ¶¶ 10, 33, 35.

FN15. *See generally Zimmerman v. Home Shopping Network, Inc.,* Del. Ch., C.A. No. 10911, Jacobs, V.C. (Aug. 30, 1990), Memo. Op. at 14-16; *Meeker, supra,* at 9.

As appealing as it might be to simply find *Meeker* closer to the facts of this case than *Harman,* I decline to do so. Although there are significant differences between *Harman* and this case, I adopt the standard generally set forth in *Harman* because I believe that case, decided after *Meeker,* confronts the issue of remedy dismissal more thoroughly and directly, providing a careful standard for consideration of such an important issue.

[2] Defendants must therefore demonstrate that the facts as alleged in plaintiff's amended complaint, would not entitle him to rescission of the challenged transactions. In effect, assuming all the facts as alleged in the amended complaint to be true, and assuming plaintiff were to prevail on each of his claims, would rescission of the sale and spin-off be an available form of relief? Under the present circumstances, I find it would not.

Two factors must go into the analysis: 1) the current circumstances of the challenged transaction, and 2) whether, the plaintiff would be unfairly prejudiced in some way by determination at this early stage of litigation, that he is foreclosed from obtaining a particular form of relief. [FN16] Consideration of the first factor necessarily includes, among others, the time elapsed since completion of the challenged transaction; the complexity of that transaction, and thus the difficulty of undoing it; whether the transaction involves *834 publicly traded securities and the percentage and number of such shares in public hands; possible unfair prejudice to the defendant(s) if the transaction were rescinded. The second factor is a relatively straightforward inquiry: Assuming plaintiff were to prevail on all of the claims as alleged in the complaint, would plaintiff be unfairly prejudiced in some way by relegation to a monetary equivalent (*i.e.* rescissory damages) rather than the equitable relief originally sought. Applying these factors to the present controversy, I find dismissal of plaintiff's requested remedy of rescission appropriate and not unfairly prejudicial to plaintiff.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

> FN16. While it may seem more sensible to reverse the order of these two factors, in my view, examination of the first makes for more informed determination of the second.

With regard to the circumstances of these transactions, although the particular considerations play out both ways, the balance tips in favor of the defendants, or against undoing the transactions. First, I note the transactions were completed one full year ago, on October 30, 1995. [FN17] This weighs against undoing the transactions. Next, I note plaintiff has sought to undo both the sale of the wrap mortgages and the spin-off transaction. The two transactions are not, in and of themselves, particularly complicated. In addition, the Mandors own or control eighty percent of the UPI common shares. Assuming the Mandors have not sold any of their UPI shares, approximately 750,000 UPI common shares are outstanding and available for trading in the market. Admittedly, this is not a great number, relatively speaking; and plaintiff alleges UPI is thinly traded. [FN18] These circumstances weigh in favor of plaintiff. However, the practical difficulties of undoing purchases made by good faith purchasers for value on a national securities exchange lends additional weight to defendants' position. [FN19] With these competing considerations in mind, I turn to the second factor, unfair prejudice to the plaintiff if the remedy is foreclosed.

> FN17. Am. Cmpl. at ¶ 21.
>
> FN18. Am. Cmpl. at ¶ 35.
>
> FN19. *See generally Zimmerman, supra,* at 14-16 (absent knowledge of fraud or illegality, "shelter rule" protects good faith purchaser of security).

As an initial matter, I note that in *Harman,* dismissal of plaintiff's claim for rescission was the necessary first step on the road to dismissal of plaintiff's complaint. The plaintiff's continuing ability to maintain suit in the court of his choosing, particularly when implicating issues of fairness and corporate governance must be an important consideration in resolution of a motion to preclude an equitable remedy. In this case, however, plaintiff's choice of forum is not threatened by dismissal of the remedy. [FN20] Second, neither the amended complaint nor the plaintiff's papers on this motion articulate any reason why equivalent rescissory damages would not adequately compensate the plaintiff for any loss suffered as a result of consummation of the challenged transactions. Third, plaintiff's amended complaint asks for rescission "and/or awarding damages". This is at least some indication of plaintiff's acknowledgment of the adequacy of monetary damages. Fourth, I note, but specifically disclaim reliance on, plaintiff's failure to challenge the transactions initially. Plaintiff has not alleged the transactions were improperly or inadequately described by their proxy, and their effect on Milestone should have been obvious.

> FN20. *See* Am. Cmpl. alleging, among others, claims for violation of 8 Del. C. § 271, and breach of corporate fiduciary duty.

Finally, I note that of the cases relied upon by plaintiff, two stand for the same proposition as *Harman,* and another expressly refused to address the proposition for which it is cited to me. [FN21] I do not, as I hope has been explained above, take exception to the holding of *Harman,* but find it inapplicable where, as here, the face of plaintiff's amended complaint leads me to conclude plaintiff's alternative request for rescission as a remedy will be impracticable and the dismissal of **\*835** that remedy in light of the requested possible alternatives, not unfairly prejudicial.

> FN21. *See Needham v. Cruver,* C.A. No. 12428, Hartnett, V.C., 1993 WL 179336 (May 12, 1993), Mem. Op. at 11; *The Travelers Indem. Co. v. North Am. Philips Corp.,* C.A. No. 12029, Berger, V.C., 1992 WL 210560 (Aug. 26, 1992), Mem. Op. at 6; *Avacus Partners, L.P. v. Brian,* C.A. No. 11001, Allen, C., 1990 WL 161909 (Oct. 24, 1990), Memo. Op. at 8 n. 8 (declining to address request for dismissal of rescission remedy on motion to dismiss).

### IV. Conclusion

Defendants' Motion to Dismiss the Alternative Claim for Rescission is granted.

710 A.2d 831

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.